UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
(Richmond Division)

| | | |
|---|---|---|
| MEDICAL MUTUAL INSURANCE COMPANY OF NORTH CAROLINA, 700 Spring Forest Road # 400 Raleigh, N.C. 27609 | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No.: 3:20cv00822 |
| REBECCA ALEJANDRINO LITTAUA, M.D. 247 E Cawson Street Hopewell, Virginia 23860 | ) ) ) ) ) | |
| and | ) ) | |
| TRI-CITIES INFECTIOUS DISEASE ASSOCIATES, P.C. 247 E Cawson Street Hopewell, Virginia 23860 | ) ) ) ) ) | |
| and | ) ) | |
| KYUNG CHUN YEON, Administrator of the Estate of Ki Hoon Yeon, Deceased, | ) ) ) ) | |
| Defendants. | ) | |

# COMPLAINT
**(Declaratory Judgment)**

Plaintiff, Medical Mutual Insurance Company of North Carolina ("MMIC"), by counsel, for its Complaint against Defendants Rebecca A. Littaua, M.D., Tri-Cities Infectious Disease Associates, P.C., and Kyung Chun Yeon, Administrator of the Estate of Ki Hoon Yeon, Deceased (collectively, "Defendants"), states as follows:

1

## JURISDICTION

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest, attorneys' fees, and costs, and MMIC and the Defendants are citizens of different states.

2. This Court also has jurisdiction over this matter pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201.

## VENUE

3. Venue is appropriate in this district and division pursuant to 28 U.S.C. § 1391(b)(2) and Local Rule 3(C) because a substantial portion of the events giving rise to this action occurred within this District and Division. The insurance policy that is the subject of this Declaratory Judgment action was issued to Defendant Rebecca A. Littaua, M.D. at her principal place of business in Hopewell, Virginia; and the underlying lawsuit with respect to which this action seeks a declaration as to MMIC's duties of defense and indemnity is pending in the Circuit Court for the City of Petersburg, Virginia.

## PARTIES

4. Plaintiff MMIC is a mutual insurance company organized under the laws of North Carolina with its principal place of business in North Carolina.

5. Defendant Rebecca A. Littaua, M.D. ("Dr. Littaua") is a resident of Virginia.

6. Defendant Tri-Cities Infectious Disease Associates, P.C. ("Tri-Cities") is a health care practice incorporated in the Commonwealth of Virginia, with its principal office located in Hopewell, Virginia. At all times relevant hereto, upon information and belief, Dr. Littaua was Tri-Cities' sole shareholder and sole physician employee.

7.     Defendant Kyung Chun Yeon ("Mrs. Yeon"), Administrator of the Estate of Ki Hoon Yeon, deceased ("Mr. Yeon"), is a resident of the Commonwealth of Virginia.

**FACTS**

8.     Dr. Littaua and Tri-Cities are defendants in a suit brought by Kyung Chun Yeon, Administrator of the Estate of Ki Hoon Yeon, deceased, in the Circuit Court for the City of Petersburg, Virginia (the "Lawsuit"). MMIC is defending Dr. Littaua and Tri-Cities in the Lawsuit under a reservation of rights.

9.     The Amended Complaint filed in the Lawsuit (the "Amended Complaint")[1] alleges that Dr. Littaua was negligent in her care and treatment of Mr. Yeon, which allegations are set forth in detail in the Amended Complaint, that Tri-City is vicariously liable for such negligence, and seeks damages as set forth in the Amended Complaint.

10.    The Amended Complaint alleges that Dr, Littaua examined Mr. Yeon on January 15, 2018, and diagnosed Mr. Yeon with acute viral hepatitis B infection. The Amended Complaint further alleged that Dr. Littaua examined Mr. Yeon again on January 17, 2018; January 18, 2018; January 23, 2018; January 24, 2018; and January 25, 2018; and that Mr. Yeon was transferred to an intensive care unit on January 25, 2018. The Amended Complaint then alleges that on January 25, 2018, Mr. Yeon was prioritized for a liver transplant and that on January 29, 2018, Mr. Yeon died of acute liver failure.

11.    In January 2019, Dr. Littaua made changes in her patient chart for Mr. Yeon, including certain substantive and material alterations, modifications, and deletions thereto.

12.    On June 19, 2019, Kyung Chun Yeon, Administrator of the Estate of Ki Hoon Yeon, Deceased, filed the Lawsuit against Dr. Littaua, Tri-Cities and other defendants; and

---

[1] A copy of the Amended Complaint is attached as Exhibit A hereto.

MMIC appointed counsel to defend Dr. Littaua and Tri-Cities in the Lawsuit. Patient records produced in discovery on behalf of Dr. Littaua and Tri-Cities did not disclose the January 2019 changes. Following a deposition of Dr. Littaua taken in the Lawsuit, the January 2019 changes were disclosed in supplemental discovery responses provided on behalf of Dr. Littaua and Tri-Cities. MMIC thereafter issued a reservation of rights letter to Dr. Littaua and Tri-Cities.

*Provisions of the Insurance Policy*

13. MMIC issued a Medical Professional Liability Policy, Policy No. PS112774 (the "Policy"), to Dr. Littaua Johnson for the policy period from November 1, 2018 to November 1, 2019 (the "Policy").[2]

14. The Policy provides in relevant part:

**I. PROFESSIONAL LIABILITY COVERAGE**

Under this policy, the Company and the **Insured** agree that the Company will provide the following professional liability coverage:

(a) Coverage A. Individual Professional Liability

The Company will pay, on behalf of the **Insured** listed under Coverage A of the Declarations Page, all damages that the **Insured** becomes legally obligated to pay, up to the applicable Limits of Liability, for an **Injury** to which this insurance applies:

(i) because of a **Claim** alleged to have resulted from a **Medical Incident** that takes place on or after the Retroactive Date stated in the Declaration Page, and before the end of the **Policy Period**;

(ii) and which **Claim** was first made and reported either during the **Policy Period**, or during any applicable Extended Reporting Period.

\* \* \*

**IV. INSURED'S DUTIES**

In addition to all the conditions and other responsibilities described throughout this policy, the **Insured** has all of the following duties:

---

[2] A copy of the Policy is attached as Exhibit B hereto.

4

\* \* \*

(e)      To not, with regard to any **Claim** or **Medical Incident**, attempt to or actually destroy, alter, modify, or delete any evidence, or potential evidence, relating to any patient care information, data, records, or films, whether existing in paper or any electronic format, regardless of where and how stored. In the event that an **Insured** receives, either from a patient or from a patient's lawyer or representative, a notice to preserve such evidence, then the **Insured** shall immediately notify the Company and shall preserve all information covered by the notice.

\* \* \*

XI.      **DEFINITIONS**

The following definitions shall apply to the **boldface** terms contained in this policy:

\* \* \*

**(b)**      **"Claim"** means, and is considered to be, first made against an Insured upon the earliest of:

     (i)      an **Insured** having knowledge of a **Medical Incident** that by its nature may result in a demand or request for payment of damages or for services to which this insurance applies; or

     (ii)      an **Insured** receiving a notice of a demand for money, for services, or any other notice indicating that a **Claim** may be made because of a **Medical Incident**; or

     (iii)      an **Insured** receiving notice of a threatened or filed Legal Action alleged to have resulted from a **Medical Incident**. All **Claims** arising out of or in connection with the same **Medical Incident** shall be deemed to have been made at the time the first **Claim** is made.

All Claims arising out of or in connection with the same Medical Incident shall be deemed to made at the time the first Claim is made.

\* \* \*

(g)      **"Medical Incident"** means an act, error or omission, or series of related acts, errors or omissions, arising out of or in connection with the rendering or failure to render **Professional Services**. A continuing course of treatment of a patient shall be considered one Medical Incident.

\* \* \*

(l) **"Professional Services"** means those medical or health care services the **Insured** provides, including:

    (i)    medical . . . treatment . . .

    (ii)    making medical diagnoses and rendering medical opinions and/or advice;

    (iii)    prescribing, furnishing or dispensing drugs or medical, surgical, or dental supplies or appliances;

* * *

**XII. POLICY CONDITIONS**

The following conditions apply to this policy:

**(a)**    Action Against the Company

No legal action shall be brought by an **Insured** against the Company until there has been full compliance by the Insured with all of the terms of this policy. In addition, no legal action shall be brought against the Company for reimbursement of monies payable by an Insured until the amount of the **Insured's** obligation to pay has been determined finally by judgment after trial, by arbitration, or by written agreement of the claimant and the Company. No person or organization has any right under this policy to bring the Company into any action to determine the **Insured's** liability for a Claim.

* * *

<b>ADDITIONAL INTEREST (Coverage A) ENDORSEMENT</b>

* * *

In consideration of the premium, it is agreed that **Section I. PROFESSIONAL LIABILITY COVERAGE**, paragraph **(a)** Coverage A. Individual Professional Liability, is amended to include, as an **Insured**, the professional corporation named below for so long as said professional corporation is solely owned by a single **Insured**. The professional corporation will share the Limits of Liability with the sole owner.

Tri-Cities Infectious Disease Associates, PC<br>
Rebecca Alejandrino Littaua, MD - Sole Owner

* * *

## COUNT I

15. Paragraphs 1-14 of this Complaint are incorporated by reference as if set forth fully herein.

16. By making material changes in her patient chart for Mr. Yeon as set forth above, Dr. Littaua violated her duties under Section IV(e) of the Policy not to, with regard to any Claim or Medical Incident, attempt to or actually destroy, alter, modify, or delete any evidence, or potential evidence, relating to any patient care information, data or records.

17. Compliance with the duties under Section IV(e) of the policy is a condition precedent to recovery under the Policy, the breach of which relieves MMIC of any obligation to defend or indemnify Dr. Littaua or Tri-Cities with regard to the Lawsuit and the damages sought therein.

18. MMIC was prejudiced in its ability to defend Dr. Littaua and Tri-Cities because of Dr. Littaua's violation of her duties under Section IV(e) of the Policy.

19. Accordingly, MMIC is not obligated to defend or indemnify Dr. Littaua or Tri-Cities with regard to the claims set forth in the Amended Complaint filed in the Lawsuit.

WHEREFORE, Plaintiff prays that this Court order the following relief:

(a) Determining and adjudicating the rights and liabilities of the parties to Plaintiff's policy of insurance with regard to the existence of any duty to defend or indemnify Dr. Littaua or Tri-Cities with regard to the claims set forth in the Amended Complaint;

(b) Declaring that MMIC has no duty to defend or indemnify Dr. Littaua or Tri-Cities with regard to the claims set forth in the Amended Complaint filed in the Lawsuit; and

(c) For such other and further relief as is just and equitable.

Date: October 22, 2020

Respectfully submitted,

MEDICAL MUTUAL INSURANCE
COMPANY OF NORTH CAROLINA
By Counsel

<u>/s/ Danny M. Howell</u>
Danny M. Howell (VSB No. 30352)
danny@dmhowelllaw.com
Robert Jackson Martin, IV (VSB No. 80655)
jackson@dmhowelllaw.com
Jennifer L. Rowlett (VSB No. 81373)
jennifer@dmhowelllaw.com
Law Offices of Danny M. Howell, PLLC
6861 Elm Street, Suite 3D
McLean, VA 22101
Phone: (703) 556-8900
Fax: (703) 237-1224

*Counsel for Medical Mutual Insurance
Company of North Carolina*